

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2003

# Andronikov v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3402

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Andronikov v. Atty Gen USA" (2003). *2003 Decisions.* Paper 177.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/177

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-3402
_____

VIKTOR ANDRONIKOV,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A73-050-199)

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 4, 2003

Before: SLOVITER, NYGAARD and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 29, 2003)

ROTH, Circuit Judge:

Viktor Andronikov seeks review of an August 2, 2002, order of the Board of Immigration Appeals (BIA), affirming without opinion the decision of the Immigration Judge to deny Andronikov's motion to reopen removal proceedings. The Immigration and Naturalization Service (INS) instigated removal proceedings against Andronikov in August of 1996. On January 2, 1997, Andronikov, represented by his former attorney, conceded his deportability and applied for asylum, withholding of deportation, and voluntary departure. Following withdrawal of his applications for asylum and withholding of departure, Andronikov's application for voluntary departure was granted until June 15, 1998.

One week before his scheduled departure date, Andronikov filed a motion to reopen his proceedings with the Immigration Judge. As grounds for such, Andronikov claimed his former counsel was ineffective as she coerced him into withdrawing his applications for asylum and withholding of deportation. In addition, Andronikov claimed the enactment of a more restrictive religious law in Russia permitted him to reopen his immigration proceedings. On June 29, 1998, the Immigration Judge denied Andronikov's motion to reopen, noting that the motion was untimely and citing failure to demonstrate that Andronikov's former counsel was ineffective. Andronikov alleges that the Immigration Judge abused his discretion by failing to invoke his *sua sponte* authority to reopen the case where, due to ineffective assistance of Andronikov's prior counsel, the

2

withdrawal of the application for asylum was neither informed nor voluntary.

An Immigration Judge's decision whether or not to invoke *sua sponte* authority is committed to his or her unfettered discretion. The nature of such a claim, therefore, renders it non-reviewable. The regulation providing *sua sponte* reopening authority states that an Immigration Judge "may upon his or her own motion at any time, or upon motion of the Service or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. § 3.23 (b)(1). The regulation goes on to state that an Immigration Judge "has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief." *Id*. at § 3.23 (b)(3).

Courts do not have jurisdiction to review matters "committed" to the agency's discretion, including situations where the governing statute "is drawn so that a court would have no meaningful standard of review against which to judge the agency's exercise of discretion." *Calle-Vujiiles*, 320 F.3d at 474; *Heckler v. Chaney*, 470 U.S. 821 (1985). The reason for this lack of jurisdiction is due to the fact that "if no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'" *Heckler*, 470 U.S. at 830. In *Calle-Vuijiles v. Ashcroft*, we held that when the BIA declines to exercise its *sua sponte* power under an analogous statute, that decision is not reviewable. 320 F.3d 472, 475 (3rd Cir. 2003).

By its express terms, the regulation here commits the power to reopen *sua sponte* to the Immigration Judge's unfettered discretion. Moreover, it sets forth no meaningful criteria for determining when that power should be exercised. Because the Immigration Judge retains unfettered discretion in deciding whether or not to reconsider or reopen a deportation proceeding, we lack jurisdiction to review a decision declining to do so.

For the above reasons, the petition for review will be dismissed for lack of appellate jurisdiction.

_____

TO THE CLERK:

    Please file the foregoing Opinion.

               By the Court,


               /s/ Jane R. Roth
               Circuit Judge